IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL V. VRABEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:2006-73 |
| LAUREL MANAGEMENT COMPANY, GREATER JOHNSTOWN WATER AUTHORITY, and RDM–JOHNSTOWN, LLC, | ) ) ) JUDGE GIBSON ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J**

### INTRODUCTION

This matter comes before the Court on the Motion to Dismiss of Defendant Greater Johnstown Water Authority ("Defendant" or "GJWA"). Document No. 8. Paul V. Vrabel ("Plaintiff" or "Vrabel") filed the Complant on March 29, 2006, alleging one count of age discrimination against GJWA and Defendants Laurel Management Company ("LMC") and RDM–Johnstown ("RDM"). Document No. 1, ¶¶ 28-37. RDM filed its answer on June 15, 2006. Document No. 5. GJWA filed the Motion *sub judice* on June 27, 2006, alternatively presenting it as a Motion for Summary Judgment. LMC filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on August 8, 2006. Document No. 11.

On November 24, 2006, Plaintiff untimely moved for leave to respond to the Motions to Dismiss. Document No. 15. The Court entered an Initial Scheduling Order on November 28, 2006, setting various deadlines, including the completion of fact discovery by March 28, 2007. Document

1

No. 16. Without waiting for the Court's Order as to his request for leave, Plaintiff then filed his responses. Document Nos. 19, 20, 21 & 23. On December 11, 2006, the Court denied Plaintiff's motion and struck from the record his previously filed responses, declining to excuse counsel's failure to file timely responses. Document No. 24. The Court also found that the exhibits attached to the motions to dismiss, though technically outside the pleadings, did not convert the motions into requests for summary judgment, since a motion under Fed. R. Civ. P. 12(b) can validly rely on "documents whose contents are alleged in the complaint and whose authenticity no party questions." *Id.* at 4 (quoting *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted)).[1] By stipulation of the parties, LMC was subsequently dismissed from the lawsuit. Document No. 25. The only pending motion, therefore, is GJWA's Motion to Dismiss for Failure to State a Claim.

According to the Complaint, Plaintiff was employed at LMC in a variety of positions from 1976 to 2004. During 2002 and 2003, GJWA began soliciting bids from companies other than LMC for a contract to maintain and operate the Greater Johnston Water System ("the Water System"); GJWA eventually awarded that contract to RDM in February 2005. As part of the bidding process, RDM expressed an intent to hire the LMC employees who had been employed on that company's Water System contract. In the fall of 2003, however, RDM required those employees to reapply for their positions. Accordingly, Plaintiff, who at the time was over forty-years old, attended two interviews with RDM managers, including Vice President of Operations Chris Kerr and RDM managers Dave DiNicola, Jeff Smith and Mike Kukora. At the second of those interviews, on August 12, 2004, Kerr advised Vrabel that he could not offer the latter continued employment because he "was not versatile enough

---

[1] Thus, GJWA's alternative Motion for Summary Judgment (Document No. 8) is denied.

2

and did not work overtime." Document No. 1, ¶ 23. Plaintiff alleges that he was terminated because of his age and in spite of his qualifications for the position and history of satisfactory performance. Document No. 1, ¶¶ 12-27.

Defendant argues that Vrabel has failed to exhaust his administrative remedies and that it was not Plaintiff's employer under Title VII. Document No. 8, pp. 3-5. More specifically, Defendant asserts that although Vrabel initiated the required EEOC proceeding against RDM, he filed no administrative complaint against GJWA. Moreover, because GJWA does not employ more than twenty people, it could not have been Plaintiff's statutory employer. For the reasons set forth in this Memorandum Opinion, the Court will deny Defendant's Motion.

## ANALYSIS

### I. Applicable Standard

When analyzing a motion under Federal Rule of Civil Procedure 12(b)(6), the issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support the claim. *Lake v. Arnold*, 112 F.3d 682, 688 (3d Cir. 1997); *Niami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). A claim warrants dismissal "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59, 65 (1957). The Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *D.P. Enters., Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943 (3d Cir. 1984). "In considering a rule 12(b)(6) motion, a court may consider an undisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the

document." *Steinhardt Group v. Citicorp*, 126 F.3d 144, 145 (3d Cir. 1997).

## II. Discrimination Under the ADEA

Though both parties refer to Title VII as the governing law, that statute offers Vrabel no relief. *See* 42 U.S.C. § 2000e-2 (prohibiting discrimination on the basis of "race, color, religion, sex, or national origin"). The Court thus finds that Plaintiff's claim actually implicates the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, which protects workers from adverse employment decisions that are motivated or determinatively influenced by the protected trait of age. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141, 120 S. Ct. 2097, 2105, 147 L. Ed. 2d 105, 116 (2000). According to 29 U.S.C. § 623,

> (a) Employer practices. It shall be unlawful for an employer—
> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
> (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age. . . .

The ADEA defines an employer as: "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . . ." 29 U.S.C. § 630(b). The term expressly encompasses "a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State. . . ." *Id.* Like other federal anti-discrimination laws, the ADEA also requires that claimants first exhaust their administrative remedies before resorting to litigation. *See* 29 US.C. §§ 626, 633; *Podobnik v. United States Postal Serv.*, 409 F.3d 584 (3d Cir. 2005) (discussing exhaustion under the ADEA); *Money v. Provident Mut. Life Ins. Co.*, 189 Fed. Appx. 114, 117 (3d Cir. 2006)

(nonprecedential) (same).

GJWA first argues that Plaintiff has not properly utilized the administrative processes that must precede this lawsuit. "Plaintiff did in fact assert an EEOC claim against [RDM]. At no time, [however] was [GJWA] a party to that action nor was it involved in any of the EEOC proceedings." Document No. 7, p. 6. Furthermore, because Defendant has no shared commonality of interest with RDM, Vrabel cannot enjoy the benefit of any "identity of interest" exception. *Id.* Defendant argues that because it had no actual or constructive notice of the EEOC claims and no common identity with any other defendant in this case, Plaintiff's claim must be dismissed for failure to exhaust. *Id.*

Failure-to-exhaust defenses are "in the nature of" statutes of limitation. *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999). Vrabel therefore need not have pleaded exhaustion. Furthermore, the fact that Plaintiff filed an administrative complaint against RDM does not mean there was no such charge against Defendant. Similarly, the circumstance that GJWA had no notice of Vrabel's discrimination allegation does not mean that Plaintiff failed to exhaust his administrative remedies. While the Third Circuit requires that claimants notice the EEOC of discrimination, Plaintiff need not have provided such notice to the alleged discriminating party. *See Anjelino*, 200 F.3d at 93 ("Because the aim of the statutory scheme is to resolve disputes by informal conciliation, prior to litigation, suits in the district court are limited to matters of which the EEOC has had notice and a chance, if appropriate, to settle."). Though one purpose of the exhaustion requirement is to notice an employer of the claim, the exhaustion inquiry is not directed to whether the employer had that notice, but rather if plaintiff timely filed a proper administrative charge. *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000). Moreover, if there is an exhaustion defect in Vrabel's case, the filing of this lawsuit may not end his opportunity to cure it. *Tlush v. Mfrs. Res. Ctr.*, 315 F. Supp. 2d 650, 654-55 (E.D. Pa.

5

2002). Because the allegation of exhaustion is not an essential element of Plaintiff's claim, and because the Court cannot determine from the record before it that Vrabel failed to adequately pursue the required administrative relief, Defendant's motion to dismiss must be denied in this regard.

GJWA alternatively argues that it "maintained [only] three employees at all times relevant to [Vrabel's] Complaint." Document No. 7, p. 7. Moreover, "[o]ther than conclusory allegations that [GJWA] was the employer of the Plaintiff, the Plaintiff makes no allegation as to how [Defendant] was involved in any way as [Vrabel's] actual employer." *Id.* at 8. Defendant's Motion thus asserts that "Plaintiff's Complaint fails to state a claim, as a matter of law because it failed to demonstrate that the Water Authority has [a] sufficient number of employees or that they were [*sic*] the statutory employer of the Plaintiff." *Id.*

The Court first notes that Plaintiff has alleged both that GJWA "employs more than fifteen (15) regular employees" and that as an LMC employee, he was "employed . . . on the Greater Johnstown Water System contract" with Defendant. Document No. 1, ¶¶ 11, 19. Plaintiff has obviously mistaken Title VII's definition of employer with the ADEA's. *Compare* 29 U.S.C. § 630(b) (requiring twenty employees under the ADEA) *with* 42 U.S.C. § 2000-e(b) (requiring fifteen employees under Title VII). The mistake is harmless, however, as the explicit language of the Complaint—"more than fifteen"—does not preclude the possibility that Defendant employs the requisite number of workers. Furthermore, the Third Circuit's interpretation of Title VII instructs that GJWA's workforce may not be the only relevant workforce. Under several circumstances, claimants are able to aggregate the employees of separate entities for § 630(b) purposes. *Graves v. Lowery*, 117 F.3d 723 (3d Cir. 1997); *Fromm v. MVM, Inc.*, No. 04-1315, 2004 U.S. Dist. LEXIS 30024 (M.D. Pa. Dec. 14, 2004); *Wilson v. MVM, Inc.*, No. 03-4514, 2004 U.S. Dist. LEXIS 6409 (E.D. Pa., Apr. 1, 2004). Thus, accepting as

true the allegations in the Complaint and construing all reasonable inferences in Plaintiff's favor, the Court cannot at this time dismiss Vrabel's age discrimination because GJWA was not his statutory employer. However, if this issue is raised again by GJWA after the Parties have had the benefit of full discovery, the Court will reconsider whether Defendant meets the requirements of § 630(b).

An appropriate Order follows.


**AND NOW**, this 1st day of March, 2007, after considering Defendant Greater Johnstown Water Authority's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Document No. 8), IT IS HEREBY ORDERED that the Motions are DENIED without prejudice to Defendant Greater Johnstown Water Authority raising the same arguments in a summary judgment motion, as appropriate.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

7